F I L E D
Clerk
District Court

AUG 11 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
ERIC S. O'MALLEY
Assistant United States Attorney
DISTRICT OF THE NORTHERN
    MARIANA ISLANDS
Horiguchi Building, Third Floor
P. O. Box 500377
Saipan, MP 96950-0377
Telephone:  (670) 236-2980
Fax:        (670) 236-2985

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY P. VILLAGOMEZ,<br>ANTHONY C. GUERRRO,<br>JOAQUINA V. SANTOS, and<br>JAMES A. SANTOS,<br><br>Defendants. | Criminal Case No. 08-00020<br><br><br><br><br>PLEA AGREEMENT<br>as to defendant<br>ANTHONY C. GUERRERO |

Pursuant to Rule 11(c)(1)(B), the United States and Anthony C. GUERRERO enter into the following plea agreement (the "Agreement"):

    1.    On the understandings specified below, the Office of the United States Attorney for the Districts of Guam and the Northern Mariana Islands ("this Office") will accept a guilty plea from Anthony C. GUERRERO (the "defendant") to Count One of the Indictment. Count One charges the defendant with Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371, in connection with the defendant's participation in a scheme which began in or about February 1998, and continued up to and including January 2008, and involved offenses against the United States, namely: Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Theft Concerning

Federal Funds, Title 18, United States Code, Section 666. Count One carries a maximum sentence of five years imprisonment, a maximum fine of $250,000, a $100 special assessment fee, and a maximum term of supervised release of one year.

2. It is understood that the defendant (a) shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which this Office inquires of him, which information can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation ("FBI") and any other law enforcement agency designated by this Office; (c) shall attend all meetings at which this Office requests his presence; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires of him; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which this Office may request his testimony; (f) shall bring to this Office's attention all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; (g) shall comply with all orders of the Court, including those related to any conditions of release; and (h) shall commit no further crimes whatsoever. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

3. It is understood that this Office cannot, and does not, agree not to prosecute the defendant for criminal tax violations. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by him (or any other information directly or indirectly derived therefrom) will be used against him in any criminal tax prosecution. Moreover, if the defendant fully complies with the understandings specified in this Agreement, he will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to his participation in the scheme which began in or about February 1998, and continued up to and including January 2008, in the Commonwealth of the Northern Mariana

Islands ("CNMI"), to the extent that he has disclosed such participation to this Office as of the date of this Agreement, not involving crimes of violence. This Agreement does not provide any protection against prosecution for any crimes except as set forth herein.

4.  Except as otherwise provided in this Agreement, it is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by him.

5.  In consideration of the foregoing and pursuant to Sentencing Guidelines § 6B1.4, the parties hereby stipulate to the below facts and application of the Sentencing Guidelines.

Essential Facts

a.  In or about August 2007, the defendant knowingly and willfully joined with Timothy P. VILLAGOMEZ, James A. SANTOS and Joaquina V. SANTOS in a scheme to defraud the United States.

b.  The scheme involved the purchase of three thousand gallons of a product called "Rydlyme" by the CNMI's Commonwealth Utilities Corporation ("CUC"), for a contracted price of One Hundred and Twenty Thousand dollars ($120,000), the primary purpose of said transaction being to benefit James A. SANTOS and Joaquina V. SANTOS; not CUC.

c.  In any one-year period beginning in or about February 1998, up through and including January 2008, CUC received at least Ten Thousand dollars ($10,000) under a federal program.

d.  Beginning in or about August 2007, the defendant and Timothy P. VILLAGOMEZ, acting in their official capacities as executive director of CUC and Lieutenant Governor of the CNMI, did push through a sole-source contract for Rydlyme, when sole-sourcing was not justified, and when the transaction should have, by law and regulation, been subject to competitive bidding.

e. The defendant, and/or one of the co-conspirators, performed at least one act to effect the object of the conspiracy, including but not limited to the defendant's signing of CUC Contract No. CUC-PG-08-C004, while knowing that said contract violated procurement regulations and conflict-of-interest statutes.

Additional Facts

f. The defendant's relevant conduct involved an intended loss of at least $70,000, but not more than $120,000.

g. The defendant was a minor participant in the criminal activity.

Offense Level

h. U.S.S.G. § 2B1.1 applies to the offense conduct in Count One.

i. The offense involved more than 250 victims.

j. The base offense level under U.S.S.G. § 2B1.1(b)(1)(E) is 19.

k. If the defendant allocutes to the crime charged in Count One of the Indictment to the satisfaction of the Court, a two-level reduction in the offense level for acceptance of responsibility is warranted under U.S.S.G. § 3E1.1(a).

l. If the defendant signs this agreement on or before August 11, 2008, the government will move for an additional one-point reduction under U.S.S.G. § 3E1.1(b).

m. In accordance with the above, the applicable U.S.S.G. offense level is 16.

Criminal History Category

n. There is no stipulation as to Criminal History category.

Sentencing Range

o. Based upon the calculations set forth above, and provided the defendant's Criminal History is Category I, the stipulated sentencing Guidelines range is 21 to 27 months. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 16, the applicable fine range is $5,000 to $50,000. The defendant has been advised and understands that the

stipulated Guidelines range is merely a recommendation to the Court. The Court can reject it without permitting the defendant to withdraw his plea of guilty and can impose a sentence that is more severe than he anticipates. The defendant also understands that the Sentencing Guidelines are merely advisory, and the Court may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in Title 18, United States Code, Section 3553(a).

6. It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. However, this Office will inform the Probation Department and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by the defendant both prior to and subsequent to the signing of this Agreement.

7. If the United States determines, in its sole discretion, that the defendant has provided "substantial assistance" pursuant to Title 18, United States Code, Section 3553(e), the United States will request the Court to depart below the guideline range to whatever guidelines range or sentence of incarceration the United States, in its sole discretion, deems appropriate or may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure, to whatever guidelines range or sentence of incarceration the United States, in its sole discretion, deems appropriate. Defendant acknowledges that the substantial assistance determination is solely up to the Office of the United States Attorney and that the United States has made no promise, implied or otherwise, that defendant will be granted a "departure" for "substantial assistance."

The United States agrees to consider the totality of the circumstances, as they relate to the following factors, in determining whether defendant has provided "substantial

assistance" which would merit a government request for a downward departure from the applicable guideline sentencing range:

    a.    the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

    b.    the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

    c.    the nature and extent of defendant's assistance;

    d.    any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

    e.    the timeliness of any assistance provided by defendant.

It is further understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court. It is understood that, should this Office determine either that the defendant has not provided substantial assistance in an investigation or prosecution, or that the defendant has violated any provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and from Title 18, United States Code, Section 3553(e), but will not entitle him to withdraw his guilty plea once it has been entered.

8.    It is understood that, should this Office determine, subsequent to the filing of a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, that the defendant has violated any provision of this Agreement, this Office shall have the right to withdraw such motion, but this will not entitle the defendant to withdraw his guilty plea once it has been entered.

9.    It is understood that, should the defendant commit any further crimes or should it be determined that he has given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to prosecution for any federal criminal violation of which this

Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

10. Defendant is advised and understands that to establish a violation of Title 18, United States Code, Section 371, conspiracy to defraud the United States, as charged in Count One of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

   a. First, that there was an agreement between the defendant and at least one other person to commit a crime against or to defraud the United States; and

   b. Second, either the defendant or another member of the conspiracy performed an act to effect the object of the conspiracy.

11. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this Agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. the nature and elements of the charges and the maximum possible penalty provided by law;

   b. his right to be represented by an attorney;

   c. his right to plead not guilty and the right to be tried by a jury, and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. that if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this Agreement, he waives, that is, gives up, the right to a trial; and

e. that, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue.

12. Being fully advised of his rights as set forth in the preceding paragraph, the defendant represents that:

a. the agreement is voluntary and not a result of any force, threats or promises apart from this Agreement;

b. he reads, speaks, writes and understands English and has read and understood this Agreement or has had a qualified interpreter read this Agreement to him in a language that he understands, and that he fully understood such translation; and

c. he is satisfied with the representation provided to him by his counsel.

13. It is understood that in the event that it is determined that the defendant had committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the defendant to this Office or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

14. In exchange for the government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction or to collaterally attack this conviction. Defendant reserves the right to appeal the sentence imposed in this case.

However, it is further agreed: (a) that the defendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255 and/or Section 2241, the conviction and any sentence within or below the stipulated Sentencing Guideline range; and (b) that the government will not appeal any sentence within or above the stipulated Sentencing Guideline range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

15. This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

DATED: 8/7/2008

ANTHONY C. GUERRERO
Defendant

DATED: 8/7/08

ROBERT T. TORRES, ESQ.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

DATED: 8/7/08

ERIC S. O'MALLEY
Assistant U.S. Attorney